Matter of Alleged Contempt Committed by Arnold Arams, Juror.

(Surrogate's Court, New York County, June, 1916.)

Jury —· misconduct of juror — mistrial.

> One who, while serving as a juror in a contested probate, by his own confession talked in the hallway of the court house about the will with the contestant, who was a stranger to him, is unfit to serve on the jury, and the trial should be declared a mistrial.

Proceeding for contempt committed by a juror.

Fowler, S. Arnold Arams, juror, you have as a citizen and member of this community been selected to serve on a jury of this county. To you and your fellow jurors are now committed by a new law of this

state inquiries concerning the validity of last wills of the dead. A new and a great responsibility has thus been intrusted to juries.

You, while serving on a probate jury, have been guilty by your own confession of talking with a contestant in the hallway leading from the court room concerning the will laid before you in your capacity as juryman. The contestant has sworn to the fact and you have confessed to a conversation about the will with the contestant, a stranger to you. This is sufficient in itself to prove your guilt. You, however, stated that you were not born in this country. I infer from your statement that you come from a land where trial by jury is not a familiar institution. It is very unfortunate for a large share of the population of this state that they are now obliged to commit their fortunes, as well as their lives and liberties, to jurymen not familiar with an institution which they and their predecessors have held in reverence and high esteem for centuries. But it is so. Under the circumstances it was incumbent on me as a judge of this court to take notice of your delinquency. The jury was accordingly discharged and the trial declared a mistrial, so as not to prejudice the parties by your further presence in the jury box. This involved expense to the county and to the parties to the proceeding.

An offense of this kind committed in the hallway of the court house is, in my opinion, an offense committed in the presence of the court and I might summarily punish you. But the law on this point is not so clear as it should be in so great a state, and I am not inclined at this time to institute the elaborate proceedings which the law requires for the punishments of contempts not committed in the presence of the court, for in those proceedings I should have to act not only as the state's attorney, but also as the state's judge. The

existing law, you perceive, is more careful of your liberty than it is of vindicating its own dignity. This careful consideration is as it should be in a free country. Certainly such magnanimity on the part of a great government should appeal to all who respect right and justice, that right and justice which you have so grossly insulted by your misconduct.

Your ignorance and want of understanding of all the elements of a fair and lawful trial by jury I will, however, take into consideration. In my judgment you are utterly unfit to serve on a jury of this county. Your name should be, if possible, erased from the list of those eligible for jury duty in this county. In future you should refrain from any share in the administration of justice in the community in which you now live. I shall not for this offense attempt to punish you. You may now go free. If, however, there is a repetition in this court of your offense, which I do not anticipate, I shall inflict the most severe punishment which the law allows.